UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

---

STEVEN LEVINE,

    Plaintiff,

vs.

TOMMY HILFIGER RETAIL, LLC,
a Delaware limited liability company,
d/b/a TOMMY HILFIGER KIDS,

    Defendant.
_____/

CASE NO: 0:15-cv-61489

**COMPLAINT**

## COMPLAINT

Plaintiff, STEVEN LEVINE (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues TOMMY HILFIGER RETAIL, LLC, a Delaware limited liability company, d/b/a TOMMY HILFIGER KIDS (hereinafter, the "Defendant"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2. Venue is proper in this Court, Southern Division pursuant to 28 U.S.C. §1391(B) and Rule 3.1 of the Local Rules of the United States District for the Southern

1

District of Florida in that all events giving rise to this lawsuit occurred in Miami-Dade County, Florida.

3    At the time of Plaintiff's visit to TOMMY HILFIGER KIDS prior to instituting the instant action, STEVEN LEVINE (hereinafter referred to as "LEVINE") was a resident of the State of Florida, suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, and used a Segway mobility device for mobility.  The Plaintiff personally visited TOMMY HILFIGER KIDS, but was denied full and equal access to, and full and equal enjoyment of, the facilities within TOMMY HILFIGER KIDS, which is the subject of this lawsuit.

4.    The Defendant, TOMMY HILFIGER RETAIL, LLC, a Delaware limited liability company, d/b/a TOMMY HILFIGER KIDS, is authorized to conduct, and is conducting business within the State of Florida.  Upon information and belief, TOMMY HILFIGER RETAIL, LLC, is the lessee and/or operator of the Tommy Hilfiger Kids Store (the "Subject Facility"), which is the subject of this action, the facility commonly referred to as TOMMY HILFIGER KIDS, located at 12801 West Sunrise Boulevard, Sunrise, Florida (hereinafter and heretofore referred to as "TOMMY HILFIGER KIDS") which also maintains and controls the Subject Facility.

5.    All events giving rise to this lawsuit occurred in the State of Florida.  Venue is proper in this Court as the premises is located in Broward County in the Southern District.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

6.    On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were

2

provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

7. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

8. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

> (ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
> (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, TOMMY HILFIGER KIDS is a place of public accommodation in that it is a facility which provides goods and services to the public.

10. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

11. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

12. Defendant has discriminated, and continues to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at TOMMY HILFIGER KIDS in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

13. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered

at TOMMY HILFIGER KIDS. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full and safe access to all the benefits, accommodations and services of the Defendant, TOMMY HILFIGER RETAIL, LLC. Prior to the filing of this lawsuit, LEVINE personally visited TOMMY HILFIGER KIDS with the intention of using Defendant's facilities, but was denied full and safe access to the facilities of TOMMY HILFIGER KIDS and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit TOMMY HILFIGER KIDS in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at TOMMY HILFIGER KIDS all in violation of the ADA.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

15. The Defendant's Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA, 28 C.F.R. §36.302 et. seq., including the 2010 ADA Standards for Accessible Design, is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

    (i) Failure to permit Plaintiff to use his power-driven, mobility device, a Segway, in the store, and make reasonable modifications in its policies, practices, or procedures to permit such use of Segway power-

5

     driven mobility devices by such disabled individuals with mobility disabilities, in violation of 28 CFR Part 36, § 36.311(b)(1).

(ii) Various merchandise on shelves are at accessible heights, in violation of 28 C.F.R. Part 36, Section 4.2.5.

(iii) Various hanging merchandise are at inaccessible heights, in violation of 28 C.F.R. Part 36, Section 4.2.5.

(iv) Failure to ensure all aisles are 36 inches throughout, due, in part, to open pull-out folding counter obstructing aisle, in violation of 28 C.F.R. Part 36, Section 4.3.3.

(v) Failure to provide adequate directional and accurate informational signage throughout the Subject Facility, as required by 28 C.F.R. Part 36, Section 4.1.3(16).

(vi) Failure to provide signage, in the Subject Facility, addressing people with disabilities telling them that accessible services are provided, as required by 28 C.F.R. Part 36, Section 4.30.4.

16. Upon information and belief, there are other current violations of the ADA at TOMMY HILFIGER KIDS and only once a full inspection is done can all said violations be identified. The discriminatory violations described above, in paragraph 15, are not an exclusive list of the ADA violations at the Subject Facility, and Plaintiff requires an inspection of the Subject Facility in order to determine all of the discriminatory acts violating the ADA.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate

compliance with the provisions of the ADA. The barriers to access at the Subject Facility, as described above, have severely diminished Plaintiff's ability to avail himself of the goods and services offered at the Subject Facility, and compromise his safety.

18. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendant was required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendant and requests the following injunctive and declaratory relief:

A. The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendant is violative of the ADA;

B. The Court enter an Order requiring the Defendant to alter its facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

C.  The Court enter an Order directing the Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

D.  The Court award reasonable attorney's fees, all costs(including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E.  The Court award such other and further relief as it deems necessary, just and proper.

Dated: This 20th day of July, 2015.

                Respectfully submitted,

                By: /S/ B. Bradley Weitz
                    B. Bradley Weitz, Esq.
                    Florida Bar No. 479365
                    THE WEITZ LAW FIRM, P.A.
                    Attorney for Plaintiff
                    Bank of America Building
                    18305 Biscayne Blvd., Suite 214
                    Aventura, Florida 33160
                    Telephone: (305) 949-7777
                    Facsimile: (305) 704-3877
                    Email: bbw@weitzfirm.com